BALDWIN *vs.* LATSON and others.

The provisions of the statute making it a criminal offence for an attorney, counsellor or solicitor to buy any bond, bill, or other chose in action for the purpose of bringing a suit thereon, applies to the purchase of a chose in action for the purpose of instituting a suit thereon in equity, as well as to a purchase in order to bring a suit thereon at law.

In the court of chancery, the suit upon a chose in action must be brought in the name of the real owner thereof. And if it has been purchased in violation of the positive prohibition of a statute, the only defence which can be set up in that court, founded upon such prohibition, is that the title to the chose in action did not pass to the complainant, by the illegal purchase and the assignment to him.

The object of the statute prohibiting the purchase of choses in action, by attorneys, &c. for the purpose of bringing suits thereon, was to prevent attorneys and solicitors from purchasing debts or other things in action, in order to obtain costs by prosecuting the same. It was not intended to prevent such a purchase for the honest purpose of protecting some other important right of the assignee.

Whether the chancellor has any power, except upon appeal, to open a regular decree made by the assistant vice chancellor? *Quære.*

The case of *Hall* v. *Gird*, (7 *Hill's Rep.* 586,) commented on.

THIS was an application by J. W. Latson, one of the defendants, to open the order closing the proofs in this cause, and all subsequent proceedings therein, and to let him in to prove the defence set up in his answer. The bill was filed to foreclose a mortgage upon the Pearl-street House, in the city of New-York, there being several prior mortgages upon the same premises. The bond and mortgage were assigned to the complainant a few days before the commencement of this suit. And the defendant Latson in his answer set up as a defenu that the complainant was an attorney of the supreme court, and a solicitor in chancery, and that he purchased the bond and mortgage for the purpose of foreclosing the mortgage by suit in this court. But the defendant Latson allowed an order to close the proofs to be regularly entered, without taking any testimony to show that the complainant was an attorney and solicitor, or that the bond and mortgage were purchased for the purpose of bringing a suit thereon ; the complainant not having filed the bill as solicitor, but having employed another

solicitor to foreclose the bond and mortgage for him.   After the proofs were closed, the complainant applied for a reference of the cause to the assistant vice chancellor of the first circuit for hearing and decision.   Counsel was employed to resist that motion, but through inadvertence he neglected to attend to it; and an order of reference was subsequently obtained by default. The cause was afterwards noticed for hearing before the assistant vice chancellor, and there being no proof to establish the defence set up in the answer, the usual decree of foreclosure and sale was entered.

In opposition to the motion to open the order to close the proofs and to vacate the subsequent proceedings, the complainant insisted that the facts stated in the answer constituted no defence to the suit, or that the defence, at most, was merely technical.   He also produced affidavits to show that the bond and mortgage were not purchased with a view to obtain costs upon a foreclosure thereof; that he was in no way interested in the costs of the solicitor in the cause; and that the bond and mortgage were purchased under the advice of counsel for the purpose of foreclosure, so as to aid the complainant in having the rents and profits applied to keep down the incumbrances upon the mortgaged premises pending the litigation by him in another suit relative to the ownership of the equity of redemption in the mortgaged premises.   He also insisted that the chancellor was not authorized to open a regular decree made by the assistant vice chancellor, except upon an appeal.

*D. P. Barnard*, for the complainant.

*S. Sherwood*, for the defendant Latson.

THE CHANCELLOR.   The statute makes it a criminal offence for an attorney, counsellor or solicitor, to buy any bond, bill, promissory note, bill of exchange, book debt, or other thing in action, for the purpose of bringing any suit thereon.   And this provision of the statute unquestionably applies to the purchase of a chose in action for the purpose of instituting a suit

Baldwin *v.* Latson.

thereon in equity, as well as to the purchase with the intention of bringing a suit thereon at law. The case of *Hall* v. *Gird*, (7 *Hill's Rep.* 586,) only decides that the particular remedy given to the defendant, by a subsequent section of the statute, does not apply to suits in chancery. In this court the suit must be brought in the name of the real owner of the chose in action. And if it has been purchased in violation of a positive prohibition of a statute, the only defence which can be set up here, founded upon such prohibition, is, that the title to the chose in action did not pass to the complainant by the illegal purchase and assignment thereof to him. I am inclined to think that would have been a good defence in this case, if this bond and mortgage had been in fact purchased in violation of the statute.

If the facts are as stated in the affidavit on the part of the complainant, however, I think the purchase of this bond and mortgage was not an indictable offence within the statute, and that the assignment passed the title to the complainant. The purchase, although within the letter, was not within the spirit and intent of the statute. The object of the statute was to prevent attorneys and solicitors from purchasing debts, or other things in action, for the purpose of obtaining costs by a prosecution thereof, and was never intended to prevent the purchase for the honest purpose of protecting some other important right of the assignee. Here the fact that the complainant had no interest whatever in the costs of the foreclosure, for his own benefit, and that he was advised by his counsel in the other suit that the purchase and foreclosure of this bond and mortgage were essential to the preservation of the interest which he previously claimed in the mortgaged premises, show that the case was not within the mischief which this statute was intended to guard against. Under the former statute on this subject, which absolutely prohibited the purchase by an attorney or solicitor, except for certain specific purposes, (*Laws of* 1818, *p.* 278, § 1,) the supreme court held that the purchase of a judgment for the purpose of protecting another debt which the purchaser had against the defendant in the judgment, was not

within the mischief of the statute; and that the title to the judgment passed to him by the assignment. (*Van Rensselaer v. The Sheriff of Onondaga,* 1 *Cowen's Rep.* 443.) There are no reasonable grounds to believe, therefore, that the defendant would succeed in establishing that the title of this bond and mortgage did not pass to the complainant by the assignment from Reed, even if the decree could be opened and the testimony taken in this cause.

Again; it is very doubtful, at the least, whether the chancellor has any power to set aside a decree which has been regularly made by the assistant vice chancellor, and to let in the defendant to make out a new case by proof. The remedy of the defendant appears to have been, after the order of reference was regularly entered by default, owing to the inadvertence of counsel, to get the assistant vice chancellor to stay the hearing of the cause, until an application could be made to the chancellor to open the order of reference, and the order to close the proofs, and to permit the testimony to be taken in the cause. The motion of the defendant must be denied, with costs.