St. Lawrence Special Term, December, 1848
*Hand,* Justice.

## MANN *vs.* FAIRCHILD.

The statute prohibiting the purchase of choses in action by attorneys, &c. for the purpose of bringing suits thereon, does not extend to a purchase made at a judicial sale, and under the direction of an officer of the court.

But where, in a suit to enforce the collection of a claim against the defendant, he pleaded that at the time of the purchase thereof by the plaintiff the latter was a practising attorney, &c. and the partner of the plaintiff's solicitor; and that he purchased such claim with the intent, and for the purpose of bringing a suit thereon, contrary to the form of the statute; and the plaintiff took issue upon the plea, and the truth of the plea was established by the defendant; *Held,* that the plaintiff could not maintain his suit, and the bill was dismissed.

Where a plaintiff replies to a plea, he admits its sufficiency; and if the truth of the plea is established the bill will be dismissed.

IN EQUITY.  The complainant purchased certain effects of the St. Lawrence Bank, at a receiver's sale, which took place by the order of the chancellor.  This was his title to the claim he was endeavoring to enforce by this suit.  To the whole of the complainant's bill of complaint the defendant pleaded that the complainant was at the time of said purchase, and had ever since been, a practising attorney, solicitor and counsellor in this court, and a copartner with the solicitor who brought this suit; and that intending to injure, oppress and aggrieve the defendant, he purchased said claim with the intent, and for the purpose of bringing a suit thereon, contrary to the form of the statute, &c.  The complainant took issue upon this plea. The proof of the purchase was clear, and that the complainant was then, and still is, an attorney, solicitor and counsellor. One witness also swore that, at the time of the sale, notice was given to the complainant that the bank had no claims against the defendant.  This witness further testified, that the complainant had told him that he had the defendant where he wanted him, and if The Farmers' Loan and Trust Company did not put him through, he would.  Another witness testified, that after the sale he walked down from the capitol, where it

---

Mann *v.* Fairchild.

---

took place, to the steamboat, with the complainant, and had a conversation with him about the claims he had bid off against the defendant, and he said that he intended to prosecute them, or something to that effect. Another witness testified that in speaking of the defendant, he said, "I have got him where I wanted him, and I will put him through." It seemed, from the proof, that the complainant was acting as an agent of a corporation, but the pleadings averred the subject matter of the suit to be his own.

*B. Perkins*, for the plaintiff.

*Brown & Myers*, for the defendant.

HAND, J. On the merits, in my opinion, this case is with the complainant. He purchased the claims on a sale of the effects of an insolvent bank, which sale was made by an officer of the court, (*Edwards on Receivers*, 2,) and in pursuance of its order. I cannot think that the law against attorneys, &c. purchasing *choses* in action (2 *R. S.* 288, §§ 71, 75,) extends to such cases. The sale is public, and under the supervision of the court, and must be made to close up the concern, and bears no resemblance to those cases where a member of the bar so far forgets his place and duty as to seek for and put in suit contested claims which perhaps would have forever slept, had the parties in interest remained upon equal ground.

But the question at this time is hardly an open one. In *Tuttle* v. *Jackson*, (6 *Wend.* 224,) it was held that a sheriff's sale of land did not come within the statute against selling pretended titles. The chancellor there considered it a change of property by operation of law. In *Hall* v. *Gird*, (7 *Hill*, 586,) Beardsley, J. thought the statute did not apply to cases in a court of chancery. These cases were in the court for the correction of errors. This last proposition was doubted by the late chancellor, in *Baldwin* v. *Latson*, (2 *Barb. Ch. Rep.* 306.) It is enough, however, to say that that was not a judicial sale.

But there is one objection to the complainant's recovery that

is insuperable. The allegation in the plea, that the purchase was with intent to injure, oppress, and aggrieve, is not traversable. But the intent to sue, I think, is; and has been proved. To affect the right of recovery in any case the statute requires that the purchase should be with the intent, and for the purpose, of bringing a suit thereon. (2 *R. S,* 287, § 71.) This is similar to the former statute, and under that it was supposed that the intent was to be shown by a suit actually commenced. (*The People* v. *Walbridge,* 3 *Wend.* 129.) The complainant made the purchase of the effects in September, 1846, and this suit must have been commenced as soon as in the early part of 1847. And there is also proof of the complainant's declarations, of his intention to sue the defendant, immediately after the purchase. The plea then is proved; and although it is no defence in substance, yet upon proof of the truth of the defendant's plea to the whole bill, the plaintiff necessarily fails in his suit. The authorities upon this point are abundant and conclusive. (*Mitf. Eq. Pl.* 302. *Hughes* v. *Blake,* 6 *Wheat.* 453. *Story's Eq. Pl.* § 697. *Bogardus* v. *Trinity Church,* 4 *Paige,* 178, 196. *Dow* v. *McMichael,* 2 *Id.* 345. 6 *Id.* 139, 144. *Fish* v. *Miller,* 5 *Id.* 29, 1 *Hoff. Ch. Pr.* 221. 1 *Barb. Ch. Pr.* 119.)

The bill must be dismissed with costs.

