Bookes, J.
This is an appeal from a judgment, entered on the report of a referee.
The complaint contained four counts. The first was on a promissory note made by the defendant (with Nettie A. Weston) to the plaintiff for thirty dollars, on which a recovery was allowed, after deducting payments for $16.02; the second was on an account in favor of one Setomman against the defendant, assigned by the former to the plaintiff, on which a recovery was allowed for $20. 1*7; the third was on a promissory note made by the defendant to H. 0. Hyde for $10.55, tranferred to the plaintiff, on which a recovery was allowed for $10.99; and the fourth was on an account in favor of Hyde against the defendant, assigned by the former to the plaintiff, on which a recovery was allowed for $4.45. The entire recovery was for $51.63. The defense set forth in the answer was admission in part, payment in part, and denial as to residue. The evidence was sufficient to sustain the findings as to the amount due from the defendant under the counts respectively, and that the plaintiff was the owner of the several claims and demands.
There are some questions of law, however, raised by the appellant which we will proceed to notice; and, first, as to *585 the objection to proof of the items contained in the bill of particulars furnished by the plaintiff in the action, on the ground that it was not verified as required by section 531 of the Code of Civil Procedure. It appeared that the account furnished was not returned or objected to, because of the absence of a verification. By retaining it without taking any objection to it because of the defect, the irregularity was waived. The ruling admitting the evidence was, therefore, right.
Objections were also made to the admission of evidence, on the ground of variance between the proof offered and some items of the account furnished; but it seems, on examination, that the objections were not well-founded; certainly not to an extent, in any respect, prejudicial to the defendant. This being so, the variance, if any, was circumstantial. Duncan v. Ray, 19 Wend., 530.
There were many other exceptions to rulings on questions as to the admissibility of evidence; none, however, of sufficient importance to require comment.
The referee found that the plaintiff, being a justice of the peace, bought the claim and demands mentioned in the second, third and fourth counts of the complaint, for the purpose of prosecution in the supreme court, but not in justice’s court.
Such fact, as the referee properly held, was unavailing as a defense under the statute, even had it been set up in the answer, inasmuch as the claims were not bought by the plaintiff for prosecution before a justice of the peace. Code of Civil Procedure, § 3137; former statute, 2 R. S. (6th ed.), 427; Goodell v. People, 5 Park. Crim. Rep., 206. The evidence may raise a suspicion that the plaintiff’s attorney was, in some manner, interested in the buying of the claim, for the purpose of bringing an action thereon in violation of the statute. Code of Civil Procedure, §§ 73-77; also Penal Code, §§ 136-139. But the proof here submitted can hardly be held to be sufficient (even if the fact should be held to be a defense, if established, when the action, as here, is in the name of another than the attorney) to overcome the finding of the referee to the contrary. It is sufficient here to say, that his finding on the subject against the fact asserted is in consonance with the proof, and must be accepted as conclusive of the question; and it may be also here stated, that we find no sufficient proof to gainsay the disallowance of the payment of $6.66 on the thirty-dollar note set up in the answer.
A single question still remains for examination. The defense of pending suit, as to the thirty-dollar note, was put forward on the trial, and evidence was given without *586 objection bearing on the subject, and a finding thereon by the referee was made. This defense was not set Up in the answer; but the referee in his fifth finding certified as follows: “That defendant claimed on the trial that a former suit-was pending in the county court of Clinton county, N. Y., wherein this plaintiff was plaintiff against this defendant to recover on the thirty-dollar note above described, which was disputed by this plaintiff on this trial, and litigated without any plea in abatement or otherwise; that upon such issue I find that sometime last year, and before the commencement of this action, a summons in an action in said comity court was served upon this defendant, but that no complaint has ever been served or filed therein;5’ and also found, as matter of law, that the “commencement of the suit in the Clinton county court, above set forth, did not abate this action on any count in the complaint herein.”
Under these findings it is but fair to hold that the objection to the alleged defense because not pleaded was waived. The question then is whether the defense of pending suit was established by the proof. The proof given in support of the defense was entirely by parol, and went to establish no record or proceeding in the suit save the summons issued and served therein. Indeed, the summons with its service was the only record in the case, as no complaint had been filed or served. The defense put forward belonged to the class of defenses known as dilatory, not going to the merits, hence was of a character that required full and complete proof to sustain it. There could be no intendment in its support from equivocal, doubtful or incomplete proof. Then did the proof show the existence of a suit pending between the parties on the thirty-dollar note ? Could this be shown absolutely, except by proof that there was a complaint in the case on this note t But this was impossible, as no such complaint had ever existed. Now, if there be no record made, first or last, there can be no pending suit, and if made in part only it will show one only to the extent of the proceedings had in the cause. Beyond this nothing can be absolutely established by any kind of proof; and in this case the proof of the pending suit: that is, of proceedings in the action, went no further than to show that a summons in a suit had been served. This did not show a pending suit on the thirty dollar note. True it was proved that a suit had been commenced, but not that a suit was pending on that note; and this could only be shown by proving that following the summons a complaint on the note had been made a proceeding in the action thus commenced.
It may be suggested that the conclusion here indicated would permit a plaintiff to have two actions for the same *587 cause pending against his adversary at the same time, with no ability in the latter to interpose the pendency of either as a defense against the prosecution of the other. But not so. The defendant could set up in the second suit the pendency of the first, as he should do, if he intended to urge that defense. He could then compel the plaintiff to proceed and put in bis complaint in the first suit, and thus furnish to him record proof to sustain his plea. The complaint when put in would render certain what was before uncertain; thus would the plaintiff be able to prove that the first suit in which the summons was issued was for the same cause of action counted on in the second, if such was the fact, and his defense of pending suit could be then well established. Thus the defendant would have it in his power to compel the plaintiff to furnish proof to sustain his defense of pending suit in the second, or to go out of court in the first action by its dismissal or discontinuance. It follows that the referee was right in his conclusion that the defense of pending suit as to thirty-dollar note was not established.
Judgment affirmed, with costs.
Learned, F. J., and Landon, J., concur.