OISHEI v. LAZZARONE.

*(Supreme Court, General Term, Fifth Department.   October 23, 1891.)*

1. CHAMPERTY AND MAINTENANCE—CONTRACT WITH ATTORNEY.

Since Code Civil Proc. N. Y. § 74, makes it unlawful for an attorney or counsellor to promise or give a valuable consideration to any person as an inducement to placing in his hands, or in the hands of another person, a demand of any kind for the purpose of bringing an action, a contract by which an attorney agrees to advance money, employ an attorney, and render services for a person in procuring money from a railroad company for personal injuries, in consideration of the payment to him of a certain percentage of the amount procured, cannot support an action for advances made, or for such percentage, nor an order of arrest of such person for fraudulently settling with the company.

2. EVIDENCE—CONFLICTING AFFIDAVITS OF SAME PERSON.

In an action on such a contract to recover the agreed percentage of the amount paid by the company, and the advances made by plaintiff, the verified complaint, and an affidavit for an order of arrest of defendant, as well as other affidavits, all stated that the contract was made on January 11th, while plaintiff was an attorney; he having been admitted to the bar on January 9th.   On the hearing of the motion for the order of arrest, plaintiff made another affidavit, alleging that the contract was made in December preceding his admission to the bar, but the contract was not produced.   *Held,* that the last affidavit could not prevail over the other and more detailed affidavits, and that the contract, for the purpose of the motion, should have been considered as made January 11th.

Appeal from Erie county court.

Action by Achille J. Oishei against Giuseppe Lazzarone on a contract.  From an order denying a motion to vacate an order of his arrest defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Edward P. Cottle,* for appellant.   *Edward T. Durand,* for respondent.

MACOMBER, J.    The cause of action against the defendant, as stated in the complaint, is that on the 11th day of January, 1891, the defendant, with intent to cheat and defraud the plaintiff, entered into a contract with the latter, whereby it was agreed that the plaintiff should advance money, employ an attorney, and render services for the defendant in procuring money from the Allegany & Kinzua Railroad Company for personal injuries received by the defendant upon the company's railroad, and that the defendant then and there fraudulently agreed with the plaintiff that he would not settle with the railroad company without the plaintiff's consent, and without plaintiff being present to receive his pay for money advanced and services rendered; that thereafter, in disregard of the agreement, the defendant, without the knowledge of the plaintiff, made a settlement with the railroad company.   It is further alleged that the plaintiff relied upon the representations made to him by the defendant, and that he advanced to the defendant, upon the claim against the company, the sum of $43 in money, and paid $100 doctor's bills, and obligated himself to pay for the services of another in prosecution of such claim.   It is also alleged that the share that was to be received by the plaintiff for such advancements and services was to be two-thirds of the recovery that might be had against the company.   This action is brought to recover the sum of $300, which was supposed by the plaintiff to be two-thirds of such estimated recovery, together with the plaintiff's advancements and disbursements.   Thence follow allegations to the effect that on the 24th day of March, 1891, in pursuance of such fraudulent purpose to deceive the plaintiff, the defendant made a settlement with the railroad company, and took the money which, under the contract, belonged to the plaintiff, and which should have been delivered to the plaintiff by the company, and converted the same to his own use.   Upon this complaint, and an affidavit of the same import, the county judge issued his order of arrest; the ground thereof being, as stated in the order, "fraud and deceit in obtaining property, consisting of money, services, and credits, by false and fraudulent means. pretenses, representations, and statements."

The order of arrest and the cause of action stated in the complaint cannot be upheld. At the time stated in the plaintiff's verified complaint and in his affidavit, the plaintiff, when this agreement was made, namely, the 11th day of January, 1891, was an attorney and counselor at law, having been admitted to the bar, as the records or this court show, and as stated upon the argument by his counsel, on the 9th day of January, 1891. It is now suggested in the appeal papers that a mistake was made in the time mentioned in the complaint and in the affidavit. But in an affidavit verified the 25th day of March, 1891, taken before the police justice of the city of Buffalo, for the purpose of procuring a criminal warrant against the defendant, it is stated that there were two contracts made with the defendant,—one bearing date December 27, 1890, and the other January 11, 1891. The learned county judge, in denying the motion to vacate the order of arrest, intimated in his opinion that, if it appeared undisputedly that the bargain between the parties was made after the plaintiff became an attorney and counselor at law, the motion would prevail; but he places the denial of the motion upon the subsequent assertion of the plaintiff under oath, made on the hearing of such motion, verified April 2, 1891. The affidavit referred to is as follows: "That the agreement mentioned in the complaint herein was made before deponent was admitted, and in December, 1890, and deponent was an interpreter when the money was loaned." But, the day before this, the plaintiff made a more full affidavit to be used upon the hearing of the motion to vacate the order of arrest, which contains no intimation that the time stated in the complaint, and in the affidavit upon which the order of arrest was granted, was in any respect erroneous. The affidavit of April 2d cannot prevail over the more detailed statement of facts contained in the preceding affidavits. The affidavit of April 2d may be consistent with the one used before the police magistrate, and yet it fails to disclose that there was more than one agreement. Upon the whole evidence, it is apparent that the contract relied upon by the plaintiff is the one dated January 11, 1891. If this is not a just inference from all of the affidavits made by the plaintiff, the fault rests solely with the plaintiff himself, who, having possession of the written agreement or agreements, failed to produce them upon the hearing before the county judge. The provisions of section 74 of the Code of Civil Procedure are imperative: "An attorney or counselor shall not, by himself, or by or in the name of another person, either before or after action brought, promise or give, or procure to be promised or given, a valuable consideration to any person, as an inducement to placing, or in consideration of having placed, in his hands, or in the hands of another person, a demand of any kind, for the purpose of bringing an action. But this section does not apply to an agreement between attorneys and counselors, or either, to divide between themselves the compensation to be received." That no cause of action can arise out of a transaction thus prohibited by statute is such a plain proposition as hardly to require the citation of authority to support it; but such authority may be found in *Baldwin* v. *Latson*, 2 Barb. Ch. 306; *Wetmore* v. *Hegeman*, 88 N. Y. 73; *Browning* v. *Marvin*, 100 N. Y. 144, 2 N. E. Rep. 635. It follows that the order appealed from should be reversed. Order reversed, with $10 costs and disbursements, and the motion to vacate the order of arrest granted, with $10 costs. All concur.