(113 App. Div. 24)

## WIGHTMAN v. CATLIN.

(Supreme Court, Appellate Division, Second Department. May 4, 1906.)

1. CHAMPERTY AND MAINTENANCE—DISABILITIES OF ATTORNEY—PURCHASING DEMANDS FOR ACTION.

Code Civ. Proc. § 73, provides that no attorney shall directly or indirectly buy or be in any manner interested in buying anything in action, etc., with the intent and for the purpose of bringing an action thereon. *Held* that, where one against whom there was a valid claim was given ample notification that an action would be brought thereon, but he failed to pay it, the subsequent purchase of the claim by an attorney was not violative of the statute, as the statute only applies to the purchase of claims where the primary purpose is to enable the bringing of an action.

2. APPEAL—REVIEW—RULINGS ON EVIDENCE.

Where evidence is excluded on a general objection, the ruling is not error, if there is any valid objection to the question, though the reasons given for the ruling are wrong.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 3413.]

3. CHAMPERTY AND MAINTENANCE—EVIDENCE.

Where the defense was that the claim had been purchased by an attorney, in violation of Code Civ. Proc. § 73, forbidding the purchase of any chose in action, etc., by an attorney for the purpose of bringing an action thereon, a question to plaintiff, as to what conversation he had with the original claimant prior to the assignment, was objectionable as too general.

4. SAME—PLEADING—ISSUES.

Where the defense was that plaintiff's attorney was interested in the claim sued on, in violation of Code Civ. Proc. § 73, providing that no attorney shall be in any manner interested in buying any chose in action for the purpose of bringing an action thereon, and it appeared that plaintiff, to whom the claim had been assigned by the original claimant, was a friend of the attorney, evidence tending to show that the attorney advised the original claimant to assign the claim to plaintiff, though for the purpose of facilitating collection, was inadmissible as not material under the defense.

5. APPEAL—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

   Any error in the exclusion of evidence is harmless, where the same matters are brought out by other evidence.

Appeal·from Municipal Court of New York.

Action by Merle J. Wightman against Warren Wesley Catlin. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, and RICH, JJ.

Adelma H. Burd, for appellant.

A. J. Moore, for respondent.

WOODWARD, J. Ervin C. Gollner is the owner of certain premises in the city of New York, which said premises were leased to the defendant by the month at the rate of $35 per month in advance. This action is brought by the plaintiff, as assignor of the claim, to recover the rent for the month of March, 1905. The defendant alleges that he had been renting the premises for some time prior to the month of March, 1905, and that prior to the commencement of that term he had complained to his landlord·of the condition of the bathroom, or the manner in which it was being used by other tenants, ·and that the landlord had agreed to cause the same to be corrected, and that under these conditions he had entered upon the tenancy for the month of March; but that, the difficulty continuing, he renewed his complaint, and, upon the landlord telling him· to leave the premises, he moved out, surrendering the premises to the landlord,·and it is claimed that this amounted to an eviction, justifying the defendant in refusing to pay for the ·full·month's rent.

Sully v. Schmitt, 147 N. Y. 248, 41 N. E. 514, 49 Am. St.·Rep. 659, cited in support of the theory of eviction, does. not sustain the defendant's position, and we are persuaded that there is no doubt of·the fact that·the defendant owed Gollner the sum of $35 at the time the latter assigned the claim to the plaintiff, and that the judgment which has been found in favor of·the latter is justified under the facts disclosed by the evidence, unless there is merit in the further contention of the defendant that the assignment of the claim in suit is in violation of section 73 of the Code of Civil Procedure. The section cited provides:

"An attorney or counselor shall not, directly or indirectly, buy, or be in any manner interested in buying, a bond, promissory note, bill of exchange, book-debt, or other thing in action, with the intent and for the purpose of bringing an action thereon."

There is no suggestion that the plaintiff in this action is an attorney or counselor at law, but the defendant has introduced evidence to show that the plaintiff's attorney in the present action was originally employed by the landlord to collect the claim for rent against the defendant. That on the 31st day of March, 1905, the said attorney wrote to the defendant that:

"There has been left in my hands for collection a claim against you for rent of premises No. 245 East 137th street amounting to $35. If the same is not paid on or before the 6th day of April, 1905, action for its collection will be commenced."

That on the following day, April 1st, the landlord assigned this claim to the plaintiff. That the plaintiff was a neighbor of the said attorney

on Staten Island, and that they had offices together in the city of New York, and that the assignment was drawn by the said attorney and executed and delivered in his office. That the assignment was turned over to the said attorney, and that he subsequently brought this action on the 7th day of April, 1905, in the Municipal Court.

We fail to find any evidence that Mr. Moore, the attorney, has any interest in this claim, directly or indirectly. So far as the assignment shows anything it shows a valid assignment of a valid claim to the plaintiff. It shows the assignment of a claim which the landlord had, through his attorney, threatened to sue if it was not paid within a given time, and the undisputed evidence shows that the claim was not sued until several days after the time limited. The defendant had all of the time from the 31st day of March to the 4th day of April to pay this just claim. He was actually given until the 7th day of April before suit was commenced, and he could have prevented the action by paying the claim at any time before suit was brought, and it seems to us entirely clear that the defendant has entirely failed to show that there has been any violation of the provisions of section 73 of the Code of Civil Procedure. It cannot be said from the evidence produced upon the trial that the plaintiff's attorney had any interest in this claim, or that it was purchased by him, directly or indirectly, "with the intent and for the purpose of bringing an action thereon." Indeed, the evidence shows an assignment from the landlord to the plaintiff, who is not an attorney, and the mere fact that the plaintiff employed the same attorney to collect this just demand, who had previously been employed by the landlord, does not bring the case within the letter or the spirit of the statute, if, indeed, it was ever intended to apply to courts not of record. See Goodell v. People, 5 Parker, Cr. R. 206.

The Court of Appeals, in Moses v. McDivitt, 88 N. Y. 62, 64, in commenting upon the language of this section, say:

"This language is significant and indicates that a mere intent to bring a suit on a claim purchased does not constitute the offense. The purchase must be made for the very purpose of bringing such suit, and this implies an exclusion of any other purpose. As the law now stands, an attorney is not prohibited from discounting or purchasing bonds and mortgages and notes, or other choses in action, either for investment or for profit, or for the protection of other interests, and such purchase is not made illegal by the existence of the intent on his part at the time of the purchase, which must always exist in the case of such purchases, to bring suit upon them if necessary for their collection. To constitute the offense the primary purpose of the purchase must be to enable him to bring a suit, and the intent to bring a suit must not be merely incidental and contingent. The object of the statute, as stated by Chancellor Walworth in Baldwin v. Latson, 2 Barb. Ch. 306, was to prevent attorneys, etc., from purchasing things in action for the purpose of obtaining costs by the prosecution thereof, and it was not intended to prevent a purchase for the purpose of protecting some other right of the assignee."

This case has never been overruled or criticised, so far as we have been able to discover, and it undoubtedly correctly states the objects and limitations of the statute, so that, if the plaintiff's attorney in the present case was actually interested in the claim, the evidence would fail to establish the necessary facts to bring him within the prohibition of the statute, for it clearly does not show that his object was the bringing of the action for the purpose of costs, or for any other purpose, except

the collection of this legitimate claim after the defendant had neglected to pay the same within the time limited in the original notification. If plaintiff's attorney had, in fact, bought this claim for the purpose of making a profit upon it—if he had bought it for $10, with the intention of suing the same if it was not paid on or before the fourth day of April—he would not be within the language of the statute, and the case shows that the action was not commenced until the 7th day of April, so that the defendant had' warning that the claim would be pressed. He was given several days in which to adjust the same, but he neglected to do so, and it is no defense that the claim may have been assigned to the plaintiff's attorney, although the evidence does not justify such a conclusion. On the other hand, the court has found the assignment of the claim to have been made to the plaintiff, and there is nothing in the evidence, so far as it is pointed out by the appellant, to show that there was any agency on the part of the plaintiff for his attorney, or that any other 'object was sought than the collection of this claim. It may be, as suggested by the appellant, that the assignment of the claim was made to the plaintiff by the defendant for the purpose of forcing the latter to defend, if at all, on Staten Island rather than in the borough of Manhattan, but this practice is not condemned by the statute. It is only when an attorney buys a claim "with the intent and for the purpose of bringing an action thereon" that the law denies him the aid of the courts. It does not seek to prevent an attorney doing a legitimate business in buying claims for the purpose of gain. What it condemns is the purchase of claims with the "intent and for the purpose of bringing an action" that he may involve parties in costs and annoyance, where such claims would not be prosecuted if not stirred up by the attorney in his effort to secure costs. "Reason is the soul of law, and, when the reason of any particular law ceases, so does the law itself" (Co. Litt. 70, b.), and, as the costs in the Municipal Court could hardly form an important consideration in this transaction, and it clearly appears that the defendant had an abundance of time in which to make the payment before suit was brought, and that the claim was one which the landlord had already threatened to sue if it was not paid, it is clear that, in the view most favorable to the appellant, he has not brought the case within the letter or the spirit of the statute.

The conclusion which we have reached disposes of the alleged errors in the admission and rejection of evidence, for, if all of the matters had been established which it may be assumed would have been established by the evidence as the defendant desired it, there would still be the fact that, even if the plaintiff's attorney was the real party in interest, he would have a right to buy the claim and to sue it in the event of the defendant failing to pay the same. The evil against which the statute was directed was the purchase of claims for the sole purpose of making costs and annoying persons who would not be sued under other circumstances, and the fact that the defendant was given notice by the original claimant that he would be sued if it was not paid within a time specified, and that the claim was not in fact sued until several days later than the date mentioned, takes this case out of the mischief to be remedied, even if the action were brought in a court of record, and it is plain that it was not within the intent of the Legislature to say

that an attorney should be outlawed, and deprived of the privileges which were accorded other men in the purchase of claims, bonds, notes, etc. It was only the abuse of purchasing with the intent and for the purpose of bringing the action that the attorney might be benefited by the costs which his own action had produced, which the Legislature prohibited (Moses v. McDivitt, 88 N. Y. 62, 65), and, the defendant's case not being within the reason of the act, assuming the evidence to establish that the plaintiff's attorney is the real party in interest, the statute cannot be invoked to relieve him of the payment of a just debt. See Riggs v. Palmer, 115 N. Y. 506, 509, 510, 22 N. E. 188, 5 L. R. A. 340, 12 Am. St. Rep. 819.

The appellant insists, however, that the rulings of the court present error. The plaintiff, called as a witness by the defendant, had testified to his residence, his office rooms, and the assignment, and was then asked: "What conversation had you with Mr. Gollner, the landlord, prior to his giving you this assignment?" This was objected to generally, and the court sustained the objection, stating that it was on the ground that some part of the conversation would relate to the instrument, which was of itself the best evidence. The reason which the court gives for a ruling upon a general objection may be wrong, and yet the ruling be right, if there is any valid objection to the question, and in this case the question did not confine the witness to any particular conversation, or to any conversation in reference to this assignment. The witness might have had a conversation in reference to the Russo-Japanese War, or upon any other subject, and a general question of this character is not material to any issue presented in the case. But, assuming that there was error in the exclusion of this question, the same witness was subsequently asked: "Had Mr. Gollner, before the assignment was handed to you, any conversation with you upon the subject of the assignment?" The witness answered, "Yes, he had," and the court then permitted the witness to answer all the material questions in reference to such conversation, so that the defendant had all of the advantage of the evidence which he assumes was excluded under his more general question, and the alleged error could not have been harmful to him.

Mr. Gollner, the landlord, called as a witness for the defendant, was asked: "Before the assignment was delivered by you to Mr. Wightman, had Mr. Moore advised you to make it to Wightman?" This was objected to, and the objection sustained. There was no issue in this case of the motive of Mr. Gollner, or upon what advice he may have acted. The defense interposed was that the plaintiff's attorney was interested in this claim, in violation of the provisions of section 73 of the Code of Civil Procedure, and the fact that Mr. Moore might have advised his client to assign the claim to Mr. Wightman, even for the purpose of facilitating the collection of the claim, would not tend to establish the defense, and the ruling was justified because the answer sought was not material to the issue. The same reasoning applies to the ruling in reference to Mr. Moore when he was asked if the assignment was made to Mr. Wightman at his request. At most there would seem to have been concerted action on the part of Gollner, Wightman, and Moore to collect a valid claim after giving notice that it would be sued if not paid within

a specified time, and we are convinced that this is not a violation of the provisions of section 73 of the Code of Civil Procedure, and that is the only defense in this case, aside from the alleged eviction, which is without merit.

The judgment appealed from should be affirmed, with costs. All concur.