Arnold G. Fraiman, J.
In this action to foreclose on a mortgage, plaintiffs move for summary judgment dismissing defendant Thirlex Realty, Inc.’s answer. The sole defense raised in opposition to the motion is that plaintiffs are attorneys and their taking of an assignment of the mortgage herein was champertous and in violation of section 488 of the Judiciary Law. That section provides that an attorney shall not take an assignment of a thing in action "with the intent and for the purpose of bringing an action thereon.” (Judiciary Law, § 488, subd 1.) In the instant case, plaintiffs, who are a father and his two sons, are all attorneys. The premises in question are located at 157-159 East 89th Street in Manhattan. Defendant became the owner of the premises in 1970, subject to the mortgage herein which was held by Albany Savings Bank. On December 16, 1976 the bank wrote to defendant advising it that it intended to commence a foreclosure proceeding unless arrearages for the months of November and December were paid within five days. Defendant never responded to this letter. On March 14, 1977, the bank assigned the mortgage and note which was still in default, to plaintiffs, and thereafter, on March 31, plaintiffs commenced the instant foreclosure proceeding. Plaintiffs allege that their purpose in taking an assignment of the mortgage was to foreclose on the property, because they were interested in assembling a large parcel of real estate on the block in question, and in that connection had already acquired or had an interest in several parcels on East 89th Street and East 90th Street.
On the basis of the foregoing facts, which are not controverted, the court finds that the act of plaintiffs in taking an assignment of the defaulted mortgage herein was not champertous. A decision of the Appellate Division in Wightman v Catlin (113 App Div 24 [2d Dept, 1906]), although dicta and somewhat hoary, is still good law and is squarely in point. There a landlord, after warning the defendant tenant that if *853 his back rent were not paid within five days, he would commence an action for its collection, assigned the claim to plaintiff who, although not an attorney himself, shared an office with an attorney who had represented the landlord. Defendant contended that the assignment of the claim was champertous. In holding that this defense was without merit, the court found that the defense of champerty was not available because plaintiff was not an attorney, but that "if the plaintiff’s attorney * * * was actually interested in the claim, the evidence would fail to establish the necessary facts to bring him within the prohibition of the statute, for it clearly does not show that his object was the bringing of the action for the purpose of costs, or for any other purpose, except the collection of this legitimate claim after the defendant had neglected to pay the same within the time limited in the original notification.” (Wightman v Catlin, supra, pp 27-28.)
That the object of the statute prohibiting champerty, as noted in Wightman, was to prevent attorneys from purchasing things in actions for the purpose of obtaining costs, is borne out by other still older cases. (See, e.g., Moses v McDivitt, 88 NY 62 [1882].) There, the court held that, "The object of the statute, as stated by Chancellor Walworth in Bladwin v. Latson (2 Barb. Ch. 306), was to prevent attorneys, etc., from purchasing things in action for the purpose of obtaining costs by the prosecution thereof, and it was not intended to prevent a purchase for the purpose of protecting some other right of the assignee.” (Moses v McDivitt, supra, p 65.) In a more recent Court of Appeals decision (Sprung v Jaffe, 3 NY2d 539, 544 [1957]), the court, citing McDivitt (supra) held that the statute was violated only if the primary purpose of the taking by assignment was to enable the attorney to commence a suit, but that it did not embrace a case where some other purpose induced the purchase, and the intent to sue was merely incidental and contingent.
In the instant case, plaintiffs allege, as noted, that their objective in taking the assignment was to assemble a large parcel of realty in the block where the premises were situated, and that they already had an interest in other parcels in the immediate vicinity of the subject premises. Defendant offers no evidence to controvert this. Thus, plaintiffs having established that they did not take the assignment herein to obtain costs, or to bring a lawsuit, but rather that their objective was to obtain possession of the premises in question for a legiti *854 mate business purpose, the defense of champerty has not been made out and plaintiffs’ motion for summary judgment is granted.