## No. 2774.

### MAZUREAU & HENNEN *v.* W. H. MORGAN et als.

Where the allegations and the prayer of the petition and the evidence adduced make it clear that the action is predicated upon a contract, the plaintiff can not recover on a *quantum meruit.*

In this case the contract relied on is in flagrant violation of the law, Statute of 1808, thirty-first of March.

If, in a suit upon a contract, the party fail to prove the contract, but prove without objection the value of services rendered, a judgment might be rendered upon a *quantum meruit.*

But when the contract is proved, it is the law between the parties, and the parties must succeed or fail according to the terms of *that contract.* The court is not at liberty to substitute *another,* based upon the *presumed* assent of the parties.

The plaintiff's claim is inseparably connected with an unlawful contract, and must fall with it.

APPEAL from the Seventh District Court, parish of Orleans. *Collens,* J. *B. R. Forman* and *C. M. Conrad & Son,* for plaintiffs and appellants. *Randell Hunt* and *E. Rost,* for defendants and appellees.

Justices concurring: Ludeling, Taliaferro, Howell, Wyly, Morgan.

LUDELING, C. J. This suit was instituted on the twenty-fifth of April, 1832. It is based upon a contract, by which the defendants agreed to pay plaintiffs, for professional services, as attorneys and counselors-at-law, one-third of whatever sum might be gained by suit or compromise, of certain claims against the widow and heirs of Price ; but in case of defeat on the claims, the defendants were not bound to pay them anything.

The statute of 1808 enacted, " that any bargain or agreement with a plaintiff or defendant on the event of any suit to receive any portion of the land or any other property that may be in dispute or sued for, as the compensation for the services of any attorney or counselor-at-law, shall be null and void to all intents and purposes." Bul. & Currey's Digest, 21.

The contract is in flagrant violation of the law. 2 Mart. 281, Livingston *v.* Cornell.

But the plaintiffs contend that conceding the contract to be unlawful, they should recover on a *quantum meruit.*

The answer to this is, that the suit is based on a contract and not on a *quantum meruit.*

The plaintiffs make the agreement a part of their petition, they aver they acted under it, and they demand the compensation fixed by it. They allege that thereby they became the owners of one-third of the property recovered under it, and they pray to be declared the owners of one-third of the property referred to in the agreement, and for partition thereof. It is true they add the prayer that if this " be not granted, then the defendants be condemned *in solido* to pay the sum of $50,000, which is the value of one-third of said property, and which their time and labor entitled them to."

We can not regard the concluding words of this prayer as changing the character of the suit till the allegations and the prayer of the petition make it clear that the action is predicated upon the contract.

If, in a suit upon a contract, the party fail to prove the contract, but he prove without objection the value of services rendered, a judgment might be rendered upon a *quantum meruit.*

But when the contract is proved, it is the law between the parties, and the parties must succeed or fail according to the terms of that contract—the court is not at liberty to substitute another, based upon the presumed assent of the parties.

The plaintiff's claim is inseparably connected with the unlawful contract, and must fall with it. 1 An. 176 ; 11 Wheaton 258.

It is therefore ordered and adjudged that the judgment of the District Court be affirmed with costs of appeal.