THE WESTERN UNION TELEGRAPH COMPANY, Appellant, *against* ROBERT MILLIKEN *et al.*, Respondents.

(Decided February 7th, 1887.)

A complaint set forth as a cause of action a running account for the transmission of telegraphic messages. The answer set up as a counterclaim damages caused by the plaintiff's negligence in addressing and delivering to defendants a telegraphic message not intended for them, on which they acted in good faith to their injury. *Held,* that the answer set up a cause of action founded on a tort and was therefore demurrable.

APPEAL from a judgment of the District Court in the City of New York for the First Judicial District, overruling a demurrer to an answer setting up a counterclaim.

The facts are stated in the opinion.

*Dillon & Swayne,* for appellant.

*Vanduzer & Taylor,* for respondents.

PER CURIAM. — [Present, LARREMORE, Ch. J., ALLEN and BOOKSTAVER, JJ.] — It is now well settled in practice that a pleading to which a demurrer has been interposed must be its own mouth-piece. The complaint in the action sets up a running account between the parties, which the defendants admit to the extent of $4.11, but set up a counterclaim as a defense, to wit:

That on or about May 16th, 1884, plaintiff delivered to the defendant, Robert Milliken, a telegraphic message by mistake, which was not intended for him, upon which he acted, and upon which he sustained a loss, the amount of

which these defendants seek to recoup, against the plaintiff's claim. The answer avers that, through inattention, the plaintiff changed and altered said message, and wrongfully and negligently delivered the same, which was not intended for them, to these defendants. This averment in the answer characterizes the nature of the action as one of tort and not of contract.

There is nothing in the case as presented to show any privity of contract between the plaintiff and the defendants. The cause of action set up in the counterclaim, if it can be sustained at all, must be for negligence, and upon this point this case is distinguishable from the authorities cited in its support.

We think the demurrer should have been sustained, and that the judgment overruling it should be reversed, with costs.

Judgment overruling demurrer reversed, with costs.