(27 Misc. Rep. 145.)

## DE FOREST v. ANDREWS.

(Supreme Court, Special Term, New York County. April, 1899.)

1. CHAMPERTY AND MAINTENANCE.
   Code Civ. Proc. § 73, prohibiting attorneys from suing on claims bought in order to sue thereon, was intended to prevent attorneys from buying claims to obtain costs by the prosecution thereof; and, to constitute the offense, the purchase must be for the very purpose of bringing such suit, and for none other.

2. RES JUDICATA.
   A verdict on which a judgment has not been rendered will not support a plea of res judicata.

3. COUNTERCLAIM—WHEN ALLOWED.
   In an action by the assignee of a bond, a counterclaim based on a transaction to which the assignor was a stranger will not lie, under Code Civ.

Proc. § 501, requiring the counterclaim to arise out of the contract or trans-action which is the foundation of the claim, or to be connected with the subject of the action.

4. SAME—TORT.

Where a party has framed his plea on the theory of a tort, he should not be permitted to treat the action as one on a contract.

5. SAME—PARTNERSHIP—PARTIES.

A counterclaim stating a cause of action against a partnership of which plaintiff was a member cannot be set up against plaintiff, the co-partners not being parties.

6. SAME—ANSWER.

To an allegation that there is "due, owing, and unpaid" a certain sum, an answer is insufficient which denies that there is "due or owing" any sum; this not being a denial that the sum is unpaid.

Action by Robert W. De Forest against Clarence Andrews. Judgment for plaintiff.

Action on a bond executed by defendant and assigned to plaintiff, and secured by a mortgage on realty. The complaint set up foreclosure under a prior mortgage of the property, and a payment of the surplus to plaintiff, and a balance due, or that plaintiff was a bona fide holder of a note, and alleged that plaintiff, an attorney, purchased the bond for the purpose of suing thereon, in violation of the statute. The answer also alleged that a verdict had been rendered for defendant in an action brought by him against the plaintiff and another involving the matters in issue in the present action, and also set up counterclaims by reason of transactions between the defendant and the firm of which plaintiff was a member. Plaintiff filed a demurrer to all the defenses of the answer.

Robert Thorne, for plaintiff.
John C. Tomlinson, for defendant.

BEEKMAN, J. 1. There is no claim, nor does the answer show, that the bond upon which suit has been brought was not enforceable against the defendant in the hands of the plaintiff's assignors. That being the case, and the plaintiff having succeeded to all of their rights under the assignment, I fail to perceive how the matters which are set forth in the second defense can be a bar to the action. The demurrer to this defense is sustained.

2. The third defense is also insufficient. Although the defendant avers, in terms, that the plaintiff took the assignment of the bond in suit with the intent and purpose of bringing an action thereon against the defendant, the facts which he pleads in support of this utterly fail to sustain his conclusion. It has been held that the object of the statute (section 73, Code Civ. Proc.) was to prevent attorneys from buying claims for the purpose of obtaining costs by the prosecution thereof, and that, to constitute the offense, the purchase must be for the very purpose of bringing such suit, and for none other. Baldwin v. Latson, 2 Barb. Ch. 306; Moses v. McDivitt, 88 N. Y. 62. No such purpose is disclosed upon the face of the pleading.

3. The fourth defense is also bad. A mere verdict in an action between the same parties concerning the same transactions, no judgment having been rendered thereon, is not sufficient to support a plea of res adjudicata. Bigelow, Estop. 51.

4. The fifth defense is by way of counterclaim, and sets up a cause of action for conversion. As the plaintiff sues on contract,

such a counterclaim cannot be interposed unless it arises out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action. Code Civ. Proc. § 501. The transaction upon which the plaintiff's demand is based was the loan of money by plaintiff's assignors, for which the bond in suit was given. The matters alleged in the counterclaim are not in any proper sense connected with the subject of the action, but constitute a different transaction, to which the plaintiff's assignors were strangers, and against whom no such claim could have been asserted. The plaintiff, as their assignee, stands in their shoes. If it be claimed that the facts alleged are also sufficient to support a cause of action on contract, the answer is that the defendant has framed his plea on the theory of a tort, and he should be held to the particular form in which he has molded his claim and characterized it. Davis v. Aikin, 85 Hun, 554, 33 N. Y. Supp. 103. If, however, it may be considered that a cause of action on contract has been stated, then the defense is open to the further objection, taken to it by the demurrer, that it states a cause of action against a co-partnership of which the plaintiff was a member, and is therefore not enforceable here, the plaintiff's co-partners not being parties to the action. The demurrer to this defense must therefore be sustained.

5. The sixth defense and counterclaim is open to the same objections, and, in addition, I do not think that the facts therein stated are sufficient to constitute a cause of action.

6. The seventh and last defense and counterclaim is challenged by the demurrer on the ground that it states a cause of action against a co-partnership of which the plaintiff was a member, and cannot, therefore, be set up against him, his co-partners not being parties to the record. The objection is well taken.

I do not think that the averments in the so-called first defense are sufficient to put in issue any of the material allegations contained in the complaint. The defendant does not deny the assignment, and his characterization of it is insufficient to impeach plaintiff's ownership and right to prosecute the claim. The plaintiff alleges that he has received a payment on account of the bond, that no other payments have been made thereon, and "that there is now due, owing, and unpaid thereon from this defendant to the plaintiff the sum of $14,432.96, with interest from the said 17th day of December, 1894." The defendant denies only "that there is now due or owing upon said bond and mortgage from this defendant to the said plaintiff the sum of fourteen thousand four hundred and thirty-two and $96/100$ dollars ($14,432.96), or any sum whatever." But, having admitted the statement that the amount claimed is unpaid, he concedes the only material portion of plaintiff's averment of the breach.

It follows that the demurrer must be sustained, and judgment ordered thereon for the plaintiff for the relief demanded in the complaint, with costs, but with the usual leave to the defendant to amend on payment of costs. Ordered accordingly.