## CUFI v. CRAFTMAN'S CLUB.

(Supreme Court, Appellate Term. December 26, 1900.)

SET-OFF AND COUNTERCLAIM—ACTION FOR GOODS SOLD AND DELIVERED—DAMAGES FOR TORT.

Code Civ. Proc. § 3343, subd. 10, defines an "injury to property" as an actionable act whereby the estate of another is lessened, other than a personal injury, or the breach of a contract; and section 501, subd. 2, provides that a counterclaim in an action on contract must be a cause of action arising out of the transaction set forth in the complaint, or any other cause of action on contract existing at the commencement of the action. *Held* that, in an action to recover for goods sold and delivered, defendant cannot sustain a counterclaim for an injury to realty, being in tort, which did not arise out of the transaction set forth in the complaint, and which was not connected with the subject of the action.

Appeal from municipal court, borough of Manhattan.

Action by Edward Cufi against the Craftman's Club. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Morgan & Mitchell (Rollin M. Morgan, of counsel), for appellant. Antonio C. Astairta (Louis Jersawitz, of counsel), for respondent.

GIEGERICH, J. The action is to recover $204, the value of certain goods sold and delivered by the plaintiff to the defendant. The answer, in addition to a general denial, sets up a counterclaim for $238, as follows: $188 for injury to real property caused by the alleged removal by the plaintiff of his fixtures therefrom, and $50 for the plaintiff's share of the Croton water rent of said premises while occupying the same as a tenant of the defendant. Upon the trial the parties agreed that the plaintiff's share of said water rent was $45, and the defendant admitted the correctness of plaintiff's claim, except as to an item for a range, amounting to the sum of $45, which the latter conceded was not delivered to the defendant. The justice dismissed the remainder of the counterclaim, and rendered judgment in favor of the plaintiff for the full amount of his claim, less $30 for a range and $45 for plaintiff's share of the water rent. The defendant thereupon appealed to this court. We think the justice properly dismissed the counterclaim for injury to real property, since it proceeded, not upon contract, but in tort (Code Civ. Proc. § 3343, subd. 10), and did not arise out of the transaction set forth in the complaint, nor was it connected with the subject of the action (Id. § 501, subd. 2; Telegraph Co. v. Milliken, 14 Daly, 170; De Forest v. Andrews, 27 Misc. Rep. 145, 58 N. Y. Supp. 358).

The judgment should therefore be affirmed, with costs. All concur.