## BLOUNT v. MEDBERY.

1. Laws 1890, c. 86, § 2, declares that, in addition to the property mentioned in the preceeding section as exempt to the debtor who is the head of a family, such debtor may select from other personal property, not absolutely exempt, money or property not exceeding in value $750, and if he is a single person, not the head of a family, of the value of $300. Held, that a married woman could not recover in an action against a sheriff for levying on property alleged to be exempt to her under section 2, in the absence of an affirmative finding that she was the head of the family.

2. Evidence of plaintiff on an issue as to the truth of representations made to induce the sale of goods to her, though not uncontradicted, is not conclusive, but may be disregarded, as not entitled to credit.

3. Plaintiff's husband, who was transacting plaintiff's business as her agent with her knowledge, made representations in June, 1900 to in-

duce the sale of goods to her, that she possessed property, exclusive of all her liabilities, of the value of $7,000, and that the cash value of her merchandise was $3,700. In December of the same year, plaintiff made affidavit that the value of her property, exclusive of her homestead, was less than $750, including her stock of merchandise; but no explanation was given by plaintiff or her husband as to the cause of the depreciation, though plaintiff stated that, at the time the statement by her husband was made, it was true. Held, that such facts justified a finding that the sale of the goods to plaintiff was induced by fraud, precluding plaintiff from claiming exemptions.

(Opinion filed April 7, 1903.)

Appeal from circuit court, Beadle county. Hon. A. W. CAMPBELL, Judge.

Action by Jessie M. Blount against Don G. Medbery. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

*Henry C. Hinckley* and *A. W. Burtt*, for appellant.

*Kirke W. Wheeler* and *Crawford & Taylor*, for respondent.

CORSON, J. This is an action to recover of the defendant, as sheriff of Beadle county, the value of certain personal property levied upon and sold by him, and which the plaintiff claims was exempt property. Findings and judgment were in favor of defendant, and the plaintiff appeals.

Two questions are presented for our consideration, namely: (1) Was the plaintiff the head of a family, within the meaning of our exemption laws? (2) Were the debts incurred upon which the judgments were obtained against the plaintiff, and under which the property was sold by the defendant, contracted for property obtained under false representations or pretenses, and for the purchase money of property claimed to be exempt?

The case was tried to a jury, and was submitted to them upon one question, namely: "Was the plaintiff, at the time the levy was made and exemptions claimed, the head of a family?" Answer, "Yes." Subsequently the following proceedings were had: "This cause coming on for hearing at the regular March term of the circuit court in and for Beadle county, and a jury having been impaneled, charged, and sworn according to law, and the court having submitted one question only to the jury, the parties in open court stipulated that the court might find all of the other questions of fact in the case, and in pursuance of said stipulation the court finds" that certain judgments were obtained against the plaintiff, on which executions were issued, and the property in controversy sold, and that the value of the said property so sold was $700; consisting of a stock of drugs and merchandise usually kept in a drug store. Among other findings, the court finds that certain of the judgments were for property obtained by false representations, and that others of the executions were levied upon property for the purchase price thereof. And the court concludes that the plaintiff's action should be dismissed, and the defendant recover his costs. On these findings a judgment was entered in which is the following recital: "This case coming on for hearing at the regular March term of court for Beadle county, a part of the issues herein being tried to the jury, and a part of the issues herein being tried to the court, and the court having made findings of fact and conclusions of law herein upon the issues submitted to the court, and the court having set aside the verdict on the issues submitted to the jury, now, in accordance with the conclusions of the court herein, it is ordered, considered, and adjudged by the court that this action be, and

the same is hereby, dismissed upon the merits." The motion for new trial was made and denied, and the plaintiff has appealed.

The order denying a new trial is as follows: "This case coming on for hearing upon the application of the defendant for an order to set aside the special verdict which was rendered in this case upon the several grounds mentioned in the notice of such application, and it appearing to the satisfaction of the court upon the hearing that the said motion should be sustained, it is ordered and adjudged that the said motion be, and the same is hereby, sustained. The special verdict of the jury which was rendered herein is hereby vacated and set aside; and it further appearing to the satisfaction of the court, upon the findings made by the court upon additional issues in this cause, that the plaintiff cannot in any event recover herein, it is ordered that no new trial of the said issues shall be necessary." It appears by the evidence that the plaintiff was a married woman, living with her husband, who was a registered pharmacist, and that the husband and wife carried on the drug business; the wife claiming to own the stock of goods, and the husband managing and conducting the business as the agent of the wife. The business seems to have been carried on in the name of the plaintiff since 1885. The family consisted of the husband, wife, and four children. No evidence was introduced on the part of the plaintiff showing that the husband was incapacitated, by misfortune, infirmity, dissipation, or any other cause, from occupying his position as head of the family. It is provided by section 2587, Comp. Laws 1887, that the husband is the head of the family; and a husband, therefore, living with his wife, is presumed to be its

head.    And it would seem that by his services he contributed partially, at least, towards the support of the family.

It is contended by the appellant that there is no evidence introduced to support the findings of the court that the debt to Hornick, Hess & Moore was for property obtained by means of false representation, and that the plaintiff was therefor, under the law, entitled to her exemptions.    It is insisted, however, on the part of the respondent, that inasmuch as the verdict of the jury was set aside by the court, and no finding made by it that the plaintiff was the head of a family, the judgment was necessarily in favor of the defendant,

Section 2. c. 86, p. 202, of the Laws of 1890, provides: ''In addition to the property mentioned in the preceding section the debtor, if the head of a family, may, by himself or his agent or attorney, select from all other of his personal proper· ty not absolutely exempt goods, chattels, merchandise, money or other personal property, not to exceed in the aggregate seven hundred and fifty dollars in value; and if a single person, not the head of a family, property as aforesaid of the value of three hundred dollars, which is also exempt, and must be chosen and appraised as hereinafter provided."    It will be observed, therefore, that it was necessary for the plaintiff to establish the fact that she was the head of a family, and that fact must be found by the court, in order to entitle her to recover in this action.    It will be seen from the proceedings in this case that the jury had found that the plaintiff was the head of a family, but that verdict was set aside by the court, and no direct finding was made upon this issue by it.    It would seem, however, that the court, in effect, by vacating and setting aside the verdict of the jury, did find that the plaintiff

was not the head of the family. Assuming, therefore, that the court has, in effect, found that the plaintiff was not the head of a family, she could not, as above stated, recover in this action. Neither could she recover unless there was an affirmative finding that she was the head of the family; and, there being no such finding, the question presented as to whether or not the findings made are supported by the evidence would seem to become immaterial, as the judgment must be affirmed in any event. Assuming, however, that the judgment might have been in favor of the plaintiff if the court had found upon the issue of the false representations in favor of the plaintiff, we will examine the evidence, to determine its sufficiency to support the findings of the court upon that issue.

It appears from the evidence that in June, 1900, the husband of the plaintiff, acting for her, with her knowledge and consent, represented to Hornick, Hess. & Moore that she was possessed of property, exclusive of all her liabilities, of the value of $7,000 and that the cash value of her merchandise was $3,700. In December of the same year she makes affidavit that the value of her property, exclusive of her homestead, was less than $750, including her stock of merchandise. No explanation was given by the plaintiff or her husband as to this depreciation of about $3,000 in such stock between June and December. She does not claim that she had sold that amount, for she states in her evidence that the season for her business had been a very bad one. No explanation is made, either by the plaintiff or her husband, as to what had become of the property, of the value of $7,000 over and above her liabilities, between June and December. The witness was asked on cross-examination if this statement then made was true, to

which she answered, "Yes" It is contended by the appellant that, there being no direct evidence contradicting this statement, it is conclusive upon the court. This court, however, has recently held, in the case of McGill v. Young, 92 N. W. 1066, that although not contradicted directly, the court or jury has the right, in view of the interest of the witness, to disregard his evidence, as not entitled to credit. The credibility of the witness in such a case is to be determined by the court or jury. As the plaintiff's property scheduled in June was shown to be of the value of about $7,000 over and above all her liabilities and property exempt from execution, and as her property scheduled in December, exclusive of her homestead, was shown to be less than $750, and no explanation made showing any loss during the intervening six months, this apparent depreciation would afford some evidence, at least, that her statement made in June was a false statement; and especially as there was an apparent depreciation in the value of the stock of goods between the dates mentioned of about $3,000. The court was therefore clearly authorized to infer from these facts, in the absence of any explanation, that the statement made in June was not a true statement, notwithstanding the assertion of the plaintiff that it was true. This court cannot say that there was a preponderance of the evidence against the findings of the court. Taking either view of the case, the court was clearly right in denying the motion for a new trial.

The judgment of the court below, and order denying a new trial, are affirmed.