(95 Misc. Rep. 197)

### DEDERS v. WOOD.

(Supreme Court, Appellate Term, First Department. May 26, 1916.)

1. COURTS ⬅189(1)—MUNICIPAL COURTS—SUBJECT-MATTER OF COUNTER-CLAIM—TORTS.

Under old Municipal Court Act (Laws 1902, c. 580) § 151, declaring that a counterclaim must be a cause of action arising out of the contract or transaction set forth in the complaint, or, in an action on contract, any other cause of action on the contract existing at that time, defendant, in an action by a chauffeur to recover wages for services rendered as such, may counterclaim for damages for the chauffeur's conversion of defendant's motor car.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 413, 458; Dec. Dig. ⬅189(1).]

2. TRIAL ⬅171—RIGHT OF DEFENDANT—INTRODUCTION OF EVIDENCE.

It is improper for the trial court to stop defendant in making his defense, and to refuse to allow him to establish an affirmative defense by rejecting further testimony.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 396; Dec. Dig. ⬅171.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Frederick Deders against Joseph M. Wood. From a judgment for plaintiff, defendant appeals. Reversed and remanded. See, also, 153 N. Y. Supp. 938; 156 N. Y. Supp. 605.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Louis J. Rosett, of New York City (Allan A. Deutsch, of New York City, of counsel), for appellant.

George R. Simpson, of New York City (Louis Susman, of New York City, of counsel), for respondent.

GUY, J. Defendant appeals from a judgment entered by direction of the court in favor of plaintiff, after a trial without a jury, in an action brought to recover wages alleged to be due plaintiff for services as a chauffeur from July 24, 1914, to August 10, 1914. The pleadings were oral, but each side served written bills of particulars.

Plaintiff testified that in November, 1913, he was employed by the

defendant, Wood, as chauffeur at a salary of $20 a week, and continued in his employment until July 15, 1914, when defendant, who still owned the car, turned the car over to one Levine under an arrangement which gave Levine the right to hire the car and divide the profits with the defendant, Wood; that he worked for Levine up to and including July 23, and worked again for defendant, Wood, from July 24 to August 10, 1914.

Defendant testified that plaintiff was continuously in his employ from the time of the original hiring up to the date of his discharge on August 10, 1914, and set up as a separate defense breach of duty toward the defendant, his employer, and violation of instructions, in that on or about the 20th of July, 1914, in violation of express instructions given to plaintiff as defendant's employé, plaintiff took defendant's auto upon a trip to Stamford, Conn., with a party of other persons unknown to defendant, and that upon said trip defendant's auto was damaged to an extent that necessitated the expending of $170 for repairs, which defendant seeks to recover against plaintiff as a counterclaim.

Plaintiff did not testify to any conversation held with defendant terminating his employment at the time the defendant entered into the arrangement with Levine, or to any conversation or correspondence resulting in the renewal of his employment by the defendant, and plaintiff's testimony on that point is merely a conclusion of the witness. The uncontradicted evidence of the defendant is that by his arrangement with Levine to rent his car out to others, the garage expenses, gasoline bill, and plaintiff's pay should first be deducted, and Levine receive 10 per cent. of the net results of the hirings, the other 90 per cent. to go to defendant.

On all the evidence it is clear that plaintiff was an employé of the defendant at the time he took defendant's auto to Stamford in direct violation of his employer's orders, and that in doing so, and using defendant's auto for his own purposes, he was guilty of conversion, by reason of which the defendant was damaged the amount of the bill for repairs resulting from such wrongful use and conversion of defendant's property.

[1] Defendant does not deny that plaintiff continued in his employ for a considerable period subsequent to the injury to the car, and plaintiff's testimony as to the length of time stands, therefore, uncontradicted. Plaintiff made out a prima facie case of employment during the period from July 24, 1914, to August 10, 1914, which, inasmuch as defendant saw fit to continue the employment after the alleged conversion, would have entitled the plaintiff to wages during that period, had there been no counterclaim set up for damages for the conversion of defendant's car by the plaintiff. If such counterclaim for damages resulting from tort can be set up in an action in contract, then defendant was entitled to go to the jury on his counterclaim and introduce proof in support thereof.

It is contended by plaintiff that under the old Municipal Court Act, which was in effect at the time of the trial of this action on January 8, 1915, a counterclaim for tort could not be interposed in an action

on contract, and that therefore the issues presented by the counterclaim were not properly at issue. This contention, however, cannot be sustained. Section 151 of the former Municipal Court Act provides that a counterclaim must be:

"(1) A cause of action arising out of the contract or transaction, set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action; (2) in an action on contract, any other cause of action on contract, existing at the commencement of the action."

A cause of action for conversion could not, therefore, be made a counterclaim in an action upon contract, unless it arises out of the same transaction, or is connected with the subject of the action. Deforest v. Andrews, 27 Misc. Rep. 145, 58 N. Y. Supp. 358.

The counterclaim which defendant interposed herein does relate to the cause of action set up in plaintiff's complaint, namely, the employment of plaintiff by defendant and the performance of his duties by plaintiff for the defendant; and the tort alleged in the counterclaim is of the nature of a tort growing out of contract, the tort consisting of the wrongful, dishonest, and unfaithful manner in which plaintiff performed his duties, and in converting to his use the defendant's property placed in his possession in connection with his employment by the defendant. There was, therefore, on the evidence, so far as defendant was permitted to introduce evidence, two issues of fact on defendant's counterclaim which should have been submitted to the jury: First, was plaintiff in the employment of defendant at the time of the alleged conversion and wrongful use of defendant's auto by plaintiff? Second, was such conversion or use to which plaintiff put the property of defendant authorized by defendant, either directly or through Levine? In directing a verdict for plaintiff the learned trial judge, therefore, committed reversible error.

[2] It also appears that defendant was not permitted to complete the introduction of evidence, but according to the corrected record, which has been verified by the trial judge, before he had rested, and at the conclusion of the testimony of one of defendant's witnesses, the court directed judgment in favor of plaintiff, saying, "I have heard enough;" and when defendant's counsel remonstrated, and stated he had other evidence to introduce, refused to allow him to proceed further. When the attention of the court was called by counsel to the fact that his introduction of evidence had not been completed, even though the trial court had already stated that judgment would be entered in favor of plaintiff, it was his duty to at once recall such statement or direction, and permit counsel to proceed with the trial of the case until he had finished with his defense. While doubtless this was a mere inadvertence or misunderstanding on the part of the trial judge, it deprived the defendant of a substantial right, and must be deemed to have been highly prejudicial.

The judgment must therefore be reversed, and a new trial ordered, with $30 costs to appellant to abide the event. All concur.