HUDSON, Appellant, v. SHEAFE, Respondent.

(170 N. W. 320).

(File No. 4279.    Opinion filed March 24, 1919.    Rehearing denied June 3, 1919.)

1.  **Damages—Suit on Judgment, Counterclaim Re Fraud, No Money Verdict, Effect Re Error.**
    Where, in a suit upon a foreign judgment, defendant-appellant counterclaimed for damages suffered through fraud of plaintiff, **held**, there being no money verdict for defendant, Supreme Court will not consider alleged errors.

2.  **Appeals—Damages—Instruction for Lessor Amount, No Damages Under Verdict, Effect, Re Instruction.**
    Where, in a suit for damages, court instructed that if jury found for plaintiff they could not find in excess of a specified sum, being less than claimed by plaintiff; jury having found plaintiff not entitled to recover, the instruction, if erroneous, was non-prejudicial.

3.  **Pleadings—Disregarded Motions on Trial to Strike From Answer As Immaterial, Indefinite—Motions Too Late, Effect Re Error.**
    Disregarding motions made on trial to strike paragraphs from an answer as being immaterial, indefinite, etc., is not error, since such attacks should have been made before trial.

4. **Trial—Suit on Foreign Judgment, Fraud as Defense, Whether Tenable—Motion to Vacate in Foreign Court, Whether Res Judicata Re Extrinsic Fraud.**

In a suit on a foreign judgment, defended against on ground of fraud, held, that trial court did not err in submitting to jury question whether the foreign judgment was procured by fraud; since, while record disclosed a motion to vacate the judgment in the foreign court, the ruling thereon was not res judicata on the issue re extrinsic fraud in procuring judgment, it not appearing that the motion was based on claim of extrinsic fraud. Held, further, that in absence of a former adjudication as to fraud, defendant could interpose such defense in the domestic court.

5. **Evidence—Suit on Fore'gn Judgment, Defense of Fraud—Copy of Record of Former Suit, Pleaded Abroad, Whether Admissable—Statute.**

In a suit on a foreign judgment, by assignee thereof, with counterclaim for fraud in procuring same, held, that an exemplified copy of parts of a record in an action tried in this state prior to the foreign suit, which record was plead in defense and introduced in the foreign suit, was admissable in the present suit; since it proved the issue as well as the evidence in support of the defense in the foreign suit, as tending to show a motive which might have impelled plaintiff in the foreign suit to have sought, through fraud practiced upon the court and the defendant therein, to procure judgment in absence of and without knowledge of defendant's counsel; it being clear that if there was any fraud so practiced, the present plaintiff had knowledge thereof.

6. **Champerty—Assignment of Judgment to Attorney, Effect Re Assignment—Evidence Aliunde Re Intent to Sue.**

Although, in a suit upon a foreign judgment by the assignee thereof, being an attorney of the foreign court in which the judgment was recovered, the assignment itself disclosed no champertous purpose in the transfer of the judgment, under Penal Code 1903, Sec. 198, providing in effect that an attorney who buys any evidence of debt, etc., with intent to bring suit thereon, is guilty of a misdemeanor, and Sec. 202, providing that nothing in the four proceeding sections shall be construed to prohibit receiving payment of any evidence of debt, etc., or for any service of an attorney, etc., and without intent to violate the proceeding section—yet the court is not precluded from going outside of the writing to determine the true nature of the agreement involved in the assignment.

7. **Champerty—Suit on Foreign Judgment Assigned to Attorney—Instruction Re Purpose of Assignment, Re Intent to Sue—**

Exception of No Evidence, Of Non-prohibitive Foreign Law, Availability.

Trial court, in a suit on a foreign judgment assigned to plaintiff, who was an attorney of the foreign court, instructed that if plaintiff purchased the judgment for purpose of bringing suit therein the transaction would be champertous unless he took it in payment of attorney's fees or for an antecedent debt owing him by assignor, but if he took it for either of such purposes it was not a champertous transaction even though he purchased with intent to bring suit thereon. **Held,** that an exception to the instruction for want of evidence on which jury could make finding as to champerty, and that it appeared in evidence that the assignment was made in a foreign jurisdiction in which such assignment was not prohibited, and for the further reason that the evidence showed plaintiff is not licensed to practice in this state,—is not available, since it in no way challenges the correctness of the instruction as an abstract proposition of law under our statutes, but simply challenges sufficiency of facts to warrant submission to jury; there being evidence warranting jury in finding plaintiff purchased with intent to sue thereon.

**8.   Evidence—Suit by Assignee Attorney on Foreign Judgment, Defense of Champerty—Exception in Statute, Burden of Proof—Plaintiff's Uncorroborated Testimony, Whether Conclusive—Presuumption Re Falsity of Testimony.**

In a suit by an attorney, assignee of a foreign judgment, upon such judgment, defended against on ground of champerty, held, that burden of proof was on plaintiff to bring himself within the exception in Pen. Code, Sec. 202, providing that nothing in the four proceeding sections (relative to champertous transactions by attorneys) shall be construed to prohibit receiving in payment any evidence of debt, etc., or for services of an attorney, etc., without intent to violate the preceding section. **Held,** further, that, the only evidence that plaintiff took such judgment in payment of attorney's fees or for a debt then owing him being his own uncorroborated testimony, and even though the other evidence threw no doubt upon his credibility, yet jury had a right, if they disbelieved him, to find he did take the assignment for one of said purposes. **Held,** further, that it will be presumed that if jury found with defendant on such defense, it so found because it rejected as false plaintiff's testimony whereby he sought to bring himself within Sec. 202.

**9.   Champerty—Assignment of Claim to Attorney After Judgment Thereon—Intent to Sue, Effect—"Evidence of Debt"—Statute.**

In a suit by an attorney upon a foreign judgment assigned to him, defended against on the ground of champerty, held,

that where such asignment is not taken for purpose of bring-
ing suit on the judgment, it is not champertous. The assign-
ment of judgment is however "evidence of debt," and if made·
to an attorney for a purpose prohibited ·by Pen. Code, Sec.
198, it is champertous unless the facts bring it within Sec.
202, concerning the acquisition of evidence of debt, etc., for
purpose other than intent to violate the four preceding sec-
tions.·

10.    Champerty—Attorney's Suit on Assigned Foreign Judgment—·
       Assignment, Whether Questionable Only By Assignor—Assign-
       ment as Part of Cause of Action, Effect.

       In a suit by an attorney on a foreign judgment assigned to
him, the defense being champerty, held, that plaintiff's conten-·
tion that it is only the assignor who could question validity
of the assignment, is not tenable; since, while if the judgment
creditor were plaintiff here, the mere fact that there might be·
in existence a champertous contract between him and his at-
torney could not be urged in defense of present suit, yet, the·
attorney being plaintiff, he must prove a valid assignment;
and where plaintiff's claim is inseparately connected with an
unlawful contract it must fall; and such assignment is not
collateral to the cause of action itself, but becomes part of the·
cause of action sued on.

11.    Champerty—Attorney Assignee's Suit on Foreign Judgment, De-·
       fense of Champerty—No Anti-champerty Foreign Statute,.
       Whether Conclusive—Comity, Whether Applicable.

       In such suit, plaintiff's contention that our champerty sta--
tutes have no application because such assignment is an Illinois
contract and proof was made that the foreign state has no·
such champertous statute, is unavailing (a) because it was not
enough to prove merely that no such foreign law existed, and
(b) because there is no rule of comity .requiring courts of this.
state to allow a recovery based on a contract champertous un-
der our statutes.

12.    Same—Non-existence of Foreign Champerty Statute, Common
       Law Champerty Existing, Presumption.

       And if the foreign state has no statute. governing law of
champerty, the trial court, in a suit on such assigned judgment,
in absence of proof to the contrary, was bound to assume the
common law pertaining to champerty obtains in the foreign
state; especially in that that state's court decisions recognize
common law champerty existing there.

13.    Champerty—Statute as Declaratory of Common Law—Attorney
       Assignee's Suit on Foreign Judgment—Foreign Jurisdiction
       Recognizing Common Law Champerty, Effect, Re Instruction
       On Domestic Statute.

       Since it is undisputable that Pen. Code, Sec. 198, relative

to champertous transactions by attorneys, is but a statutory declaration of part of the common law relating to champerty, held, that an instruction in a suit by an attorney on a foreign judgment assigned to him, based upon such statute, was nonprejudicial, since, it appeared that the common law pertaining to champerty was judicially recognized as existing in the state of the foreign judgment, and therefore, if the assignment was taken for purpose of suit, it was void also in the foreign state.

14.  Comity—Enforcement of Valid Foreign Contract, Void Here— Foreign Law In Conflict, Whether Enforceable—Foreign Decision.

There is no rule of comity between states requiring courts of this state to enforce a contract, criminal if entered into in this state, simply because valid in the state where entered into. Foreign laws are not enforced under rule of comity, where they conflict with our own regulations, or local policy, or do violence to our views of religion or public morals. So held, where jury must be presumed to have found plaintiff guilty of that which is made criminal under Pen. Code. Sec. 198, concerning champertous transactions.

Smith, P. J., and McCoy, J., concurring specially.

Appeal from Circuit Court, Codington County. HON. CARL G. SHERWOOD, Judge.

Action by Charles Hudson, against Mark W. Sheafe, to recover upon a foreign judgment. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Loucks, Hasche & Foley,* for Appellant.

*Hanten & Hanten,* and *Sheafe & Haugan,* for Respondent.

(4) To point four of the opinion, Appellant cited:

Pico v. Cohn, 91 Cal. 129, 25 Pac. 970, 27 Pac. 537, 13 L. R. A. 336; Benton v. Burgot, 10 Serg. & R. (Pa.) 240; 23 Cyc. 1099 1589, 1590.

Respondent cited:

Washington v. Sickles, 24 Howard 333, s. c., 65 U. S. 24, 16 L. Ed., 650-653; Reynolds v. Stockton, 140 U. S., 254, 35 L. Ed. 464; Sonnenberg v. Steinbach, 9 S. D., 518, 70 N. W., 655; 23 Cyc. 764, 750, and cases cited; Dobson v. Pearce, 12 N. Y., 156; Levin v. Gladstein, 32 L. R. A. (N. S.) 905.

(9) To point nine, Appellant cited:

6 Cyc. page 863, and citations; Pittsburg Railway Co. v. Volkert (Ohio) 50 N. E. R. 924; Reece v. Kyle (Ohio) 31 N. E. R. 747, 16 L. R. A. 723; Floyd v. Goodwin, 29 Am. Dec. 130;

McMicken v. Perin (U. S.) 15 L. Ed. page 504; 5 Am. & Eng. Ency. of Law, page 829 and cases cited; Henderson v. Kibbie, 71 N. E. Rep. (Ill.) 1094.

Respondent cited:

Miles v. Mutual Reserve Fund Life Association (Wis.) 84 N. W., 159-163; Sec. 198, Pol. Code 1903.

WHITING, P. J. One Sherwood procured a judgment against defendant Sheafe and others in the circuit court of Cook county, Ill. Claiming to be the assignee of such judgment, plaintiff brought this action thereon in the circuit court of Codington county, S. D., the place of residence of defendant Sheafe. Verdict and judgment were for defendant. From such judgment, and an order denying a new trial, this appeal was taken.

In the answer there was a plea that the judgment sued upon was procured by fraud, and another that the plaintiff was and is an attorney at law and bought the judgment sued on in this action with intent to bring suit thereon in violation of the provisions of section 198 of the Penal Code of this state. We are unable to determine from the record whether it was upon one or both of these defenses the verdict was based, but it is clear that it was based on one or the other of such defenses.

[1] Defendant also pleaded, as a counterclaim, damages alleged to have been suffered through the fraud of plaintiff; but, inasmuch as there was no money verdict for defendant, it is clear that the jury found against defendant thereon, and we are not called upon to consider any alleged errors relating to such counterclaim.

[2] Error is also assigned on an instruction of the trial court whereby the jury were directed that, if they found for plaintiff, they could not find in his favor in excess of $3,900. Plaintiff contends that he was entitled to recover some $7,000. Inasmuch as the jury found that he was not entitled to recover at all, the instruction complained of, even if erroneous, was unprejudicial.

[3] When plaintiff rested his case, he moved to strike various paragraphs from defendant's answer. These motions were overruled, and the rulings thereon are now assigned as error. If plaintiff thought the answer contained immaterial matter, or that it was indefinite and uncertain in its wording, he should have at-

tacked it before trial. The trial court did not err in disregarding such motions made after trial had opened.

[4] Plaintiff contends that the trial court erred in submitting to the jury the question of whether the Illinois judgment was procured by fraud; he contending that such question was one that could not properly be presented to any court other than the one which rendered the judgment. The record before us discloses that a motion to vacate the judgment of the Illinois court was made in that court and refused, and plaintiff contends that such court's refusal to vacate its judgment is res judicata on the issue of fraud in procuring such judgment. The record of the motion made in the Illinois court, as introduced upon the trial of the present action, wholly fails to disclose that such motion was in any manner based upon any claim of extrinsic fraud in the procurement of such judgment. It follows that there is no proof upon which to base the contention that the order of the Illinois court was an adjudication that there was no extrinsic fraud in the procurement of the Illinois judgment. That defendant, in the absence of such a former adjudication as to fraud, had a right, in the courts of this state, to rely upon this defense is beyond question. We quote from the opinion in Levin v. Gladstein, 142 N. C. 482, 55 S. E. 371, 32 L. R. A. (N. S.) 905, 115 Am. St. Rep. 747:

"An examination of the cases leads to the conclusion that the right to resist in one state, on the ground of fraud, a judgment rendered in another state, is no longer disputed, but that only frauds of certain kinds are adequate to make resistance effective. The frauds which hitherto have been recognized as sufficient to impeach judgments of sister states have been such as (1) went to the jurisdiction (either with respect of the subject-matter or of the person) of the court to render the questioned judgment; or (2) constituted a fraud upon the law of the forum; or (3) operated to deprive the party against whom the judgment was rendered of an opportunity to defend the suit when he had a meritorious defense to it. Frauds, no matter how gross (forgery and perjury for examples), in the conduct of the litigation, or fabrication of the cause of action, which the defendant might have met and counteracted, are unavailable."

It would serve no useful purpose for us to set forth the evi-
31—Vol. 41, S. D.

dence introduced in support of this plea of fraud. Suffice it to say that there was ample evidence to support the plea, and the issue of fraud was fairly submitted to the jury.

[5] Error is assigned on the admission in evidence of an exemplified copy of certain parts of a record in an action tried some years since in one of the circuit courts of this state. Defendant had a right, in connection with his plea of fraud, and in order to show that in the Illinois action he had pleaded a meritorious defense, to set forth the issues made by the pleadings in such action. As a part of that answer in the Illinois case, there was pleaded this record of the former South Dakota action. Proof of the issues raised in the Illinois case, as well as evidence tending to support the defense pleaded in such case, was clearly competent in this action, as it would tend to show a motive which might have impelled the plaintiff in the Illinois case to have sought, through fraud practiced upon the court and Sheafe, to procure a judgment in the absence of, and without the knowledge of, Sheafe or his counsel. It is perfectly clear that, if there was any fraud practiced, the present plaintiff had knowledge thereof.

[6] Was the assignment of the judgment tainted with champerty? Section 198 and 202, Penal Code, provide:

"Every attorney who, either directly or indirectly, buys or is interested in buying any evidence of debt, or thing in action, with intent to bring suit thereon, is guilty of a misdemeanor."

"Nothing in the four preceding sections shall be construed to prohibit the receiving in payment of any evidence of debt or thing in action for any estate, real or personal, or for any services of any attorney actually rendered, or for a debt antecedently contracted, or the buying or receiving any evidence of debt or thing in action for the purpose, of remittance, and without any intent to violate the preceding section."

The assignment itself disclosed no illegal purpose in the transfer of the judgment, but no party to a champertous agreement can be heard to say that a court cannot go outside of the writing to determine the true nature of the agreement. As said in Stewart v. Welch, 41 Ohio St. 483:

"Courts are not so helpless that they can be rendered powerless by the easy change of words in the contract, or the shifting

of parts in a play of champerty. Such tribunals, when not shackled by statute, look through words and form to substance; deal with things, rather than names; look at what was intended, more than at what was said, or written, in all cases where evidence, legally admissible, establishes the actual facts."

[7, 8] The trial court instructed the jury that, if they found that plaintiff (who was conceded to be an attorney at law of Illinois) purchased this judgment for the purpose of bringing suit thereon, the transaction would be champertous, unless he took such judgment in payment for attorney's fees, or for an antecedent debt owing to him by Sherwood; but that, if he did take it in good faith for attorney's fees, or for such fees and a debt, Sherwood was owing him, it was not a champertous transaction, even though he purchased the judgment with intent to bring suit thereon. To such instruction plaintiff excepted:

"For the reason that there is no evidence before the court upon which the jury can make any finding as to champerty and for the further reason that it appears by the undisputed testimony that the assignment of the judgment, which assignment is claimed to be champertous, was made to assign an Illinois judgment, and made in the state of Illinois, and to take effect there, and that such an assignment is not prohibited under the laws of the state of Illinois, and for the further reason that the evidence shows that the plaintiff herein is not an attorney licensed to practice in the state of South Dakota, and that he has never practiced herein as an attorney, and that he is a resident and citizen of the state of Illinois."

It will be noted that such exception in no way challenges the correctness of such instruction as an abstract proposition of law under our statute, but simply challenges the sufficiency of the facts to warrant submitting this question to the jury. There was evidence from which the jury was warranted in finding that plaintiff purchased the judgment with the intent and expectation of suing thereon. That, in case the laws of this state apply, the burden was upon plaintiff to bring himself under the exception provided for by section 202, supra, is too clear for doubt. The only evidence that he took such judgment in payment of attorney's fees, or for a debt then owing him, is his own uncorrobo-

rated testimony. Under those circumstances, and even though there was nothing in any of the other evidence appearing in the record that would throw doubt upon plaintiff's credibility, yet the jury had a right, if they disbelieved him, to find that he did not take the assignment in payment of fees or a previous debt due him. In Nicholson v. Conner, 8 Daly (N. Y.) 212, it was held that the rule that, where a witness is unimpeached and his evidence not contradicted, his testimony cannot be disregarded by the court or jury, does not apply where such witness is a party, and the credibility of such party is always a question for the jury, and a verdict may be found against his uncontradicted evidence.

. This court has so held in several cases, some of them being cases where the testimony offered presented a situation quite analogous to that presented in this case. McGill v. Young, 16 S. D. 360, 92 N. W. 1066; Iowa Nat. Bk. v. Sherman, 19 S. D. 238, 103 N. W. 19, 117 Am. St. Rep. 941. We are bound, therefore, to assume that, if the jury found with defendant on this defense of champerty, it so found because it rejected as false plaintiff's testimony whereby he sought to bring himself under the provisions of section 202, supra, and did find that he purchased this judgment—"evidence of debt"—with intent to bring suit thereon.

[9] Plaintiff contends that the assignment of a claim after it has been reduced to judgment is not champertous. Such contention is well founded, where the assignment is not taken for the purpose of bringing suit on the judgment. The assignment of a judgment is, however, an assignment of an "evidence of debt" (McLaughlin v. Alexander, 2 S. D. 226, 49 N. W. 99), and if made to an attorney for a purpose prohibited by said section 198, supra, it is champertous, unless the facts bring it under section 202, supra.

[10] Plaintiff also contends that it is only Sherwood, the other party to the assignment, who could question the validity thereof. Such is not the law. Plaintiff has cited several authorities to the point that, if Sherwood was the plaintiff herein, the mere fact that there might be in existence a champertous contract between him and his attorney could not be urged in defense of this action. That this is the law seems well settled. But it must be borne in

mind that the attorney is plaintiff here, and that to make out his case he must prove a valid assignment. It is a well-settled and certainly sound rule of law that, where a plaintiff's claim is inseparably connected with an unlawful contract, it must fall. Mazureau & Hennen v. Morgan, 25 La. Ann. 281. This assignment is not collateral to the cause of action sued upon, but it is upon this assignment that plaintiff's right of recovery rests. The above principle then applies, in line with which the law is that:

"If the champertous agreement is not collateral to the claim sued on but is the foundation thereof, the action must fail, although defendant in the suit is a stranger to the champertous contract. * * * If an action is brought by an assignee in his own name, and the assignment is shown to be champertous, the court will treat it as void for all purposes and refuse on grounds of public policy to enforce it." 5 R. C. L. § 14, "Champerty"; Miles v. Mutual Reserve Fund Life Ass'n, 108 Wis. 421, 84 N. W. 159.

[11] Plaintiff contends that the statutes of this state have no application, because of the fact that this assignment is an Illinois contract. He submitted proof that Illinois has "no such provisions as the sections named (198 and 202, supra) *upon her statute books.*" But plaintiff's contention must fall for two reasons: (1) Because it was not enough to prove merely that Illinois had no statute law like ours; (2) because there is no rule of comity that requires the courts of this state to allow a recovery based on an assignment champertous under our statute.

[12] If Illinois has no statutes governing the law of champerty, then, in absence of proof to the contrary, the trial court was bound to assume that the common law pertaining to champerty obtains in Illinois. Moreover, that it does so obtain is established by the decisions of the courts of that state. In Thompson v. Reynolds, 73 Ill. 11, wherein the court held a contract tainted with champerty to be void, the court also said:

"It thus appears that champerty was an offense at the common law, and our General Assembly having adopted the common law of England as the rule of decision, so far as applicable to our condition, until modified or repealed this must be regarded

as in force in this state, as affecting all such contracts, and as being opposed to sound public policy."

[13] We take it that no one will dispute the fact that our section 198, supra, is but a statutory declaration of a part of the common law relating to champerty. It follows then that, even though it were the law of Illinois that controls, the fact that the trial court referred to our section 198, supra, was unprejudicial, as the assignment, if taken for the purpose of suit, was void in Illinois.

[14] But there is no rule of comity between states that requires the courts of this state to enforce a contract that would be criminal if entered into in this state, simply because such contract may be valid in another state. In the case of Knittle v. Ellenbusch, 38 S. D. 22, 159 N. W. 893, we discussed quite fully the question of how far the law of comity requires the courts of one state to enforce laws of another. While in that case we held that comity required us to construe a certain transaction in accordance with the laws of a sister state, we fully recognized the law to be as announced in 1 Lewis' Sutherland, Statutory Construction, 24:

"Foreign laws are not enforced where they conflict with our own regulations, our local policies, or do violence to our views of religion or public morals."

That such is the established law is beyond question. 12 C. J. 439; 5 R. C. L. "Conflict of Laws," § 5; 2 Elliott on Contracts, § 1112; Carstens Packing Co. v. Southern Pac. R. Co. 58 Wash. 239, 108 Pac. 613, 27 L. R. A. (N. S.) 975; Parker v. Moore, 115 Fed. 799, 53 C. C. A. 369; Hamilton v. Chicago, B. & Q. Ry. Co., 145 Iowa, 431, 124 N. W. 363; Fox v. Postal Cable Co., 138 Wis. 648, 120 N. W. 399, 28 L. R. A. (N. S.) 490. And even if we should limit the cases, where we would refuse to apply the rule of comity, as was done in International Harvester Co. v. McAdam, 142 Wis. 114, 124, N. W. 1042, 26 L. R. A. (N. S.) 774, 20 Ann. Cas. 614, it would avail plaintiff nothing. It was held in that case that foreign contracts, valid where made, should be enforced, except where such contracts are pernicious or inherently harmful in character. As before noted, we must assume that the jury found plaintiff to have been guilty of that

which is made criminal by section 198, supra—purchasing the judgment with intent to sue thereon. For an attorney at law to purchase a thing in action or an evidence of debt for the purpose of bringing an action thereon has from time immemorial been considered a pernicious contract, to be condemned by the courts; and the Legislature of this state has set its seal of condemnation thereon, and declared the public policy of this, state in relation thereto, by enacting said section 198.

There are no other assignments of error which we feel called upon to discuss. What we have said herein disposes of the merits of this appeal.

The judgment and order appealed from are affirmed.

SMITH, P. J. (concurring specially). I concur in the result reached by my majority Associates, for the reason that I am of the view that the evidence is sufficient to sustain the defense of extrinsic fraud in the proceeding by which the judgment sued on was procured in the Illinois court. The judgment, having been procured by extrinsic fraud, is void. The merits of the plaintiff's cause of action are not in issue in this action on the judgment. Nothing appears in the record before us to disclose whether the verdict was founded on the defense of fraud, or the defense of champerty. It appears to be the view of the majority of my Associates that when a party, by proper motion, request for directed verdict, or a request for an exception to instructions, has questioned one of two defenses, and has been overruled, he can show the insufficiency of the evidence to sustain that particular defense, and unless it is clear that the verdict *does not rest* upon that particular defense, the verdict cannot stand. Of course, the verdict must rest upon evidence sustaining a good defense; but when the question arises whether the verdict was founded upon one or the other of two defenses, and the evidence is sufficient to sustain one of the two, the burden is upon the *appellant* to show affirmatively that the verdict rests upon the defense not sustained by evidence. If he fails to show this affirmatively, he has failed to show prejudicial error. Under our practice, appellant is required affirmatively to show prejudice resulting from alleged error. We should adhere to the rule in this. case. This, of course, would not be the rule under the old practice, which pre-

sumes prejudice when error appears. I think cases holding that such a verdict cannot stand are found in jurisdictions adhering to the old rule, which *presumes prejudice* when error appears from the record.

In the case of Big Three Min. & Mill. Co. v. Hamilton, 157 Cal. 130, 107 Pac. 301, 137 Am. St. Rep. 118, where two distinct defenses were pleaded, the court said:

"If, then, either was sustained by the evidence, and was not affected by any error, the want of evidence to sustain the finding on the other defense, or any errors committed in regard to it, could not have been prejudicial"—citing Crosett v. Whelan, 44 Cal. 200; Verdelli v. Gray's Harbor Comm. Co., 115 Cal. 517, 47 Pac. 364, 778.

The verdict in this case is a general one, and is favorable to defendant on all issues, and, unless it affirmatively appears that the verdict was founded upon a defense not sustained by the evidence, the presumption of nonprejudice prevails, and we should presume that it was founded upon that defense which is properly pleaded and is sustained by evidence. Parker v. Naylor (Tex. Civ. App.) 151 S. W. 1096; Indianapolis, etc., Ry. Co. v. Ott, 11 Ind. App. 564, 38 N. E. 842, 39 N. E. 529; Blizzard v. Applegate, 77 Ind. 516; Gates v. Bowker, 18 Vt. 23.

Section 198 of our Penal Code is identical with the New York statute. The courts of that state have construed their statute in a number of cases, in which it is held, as stated in 11 Corpus Juris, 239. par. 17:

"The object of the statute is to prevent attorneys from buying claims to obtain costs by the prosecution thereof, and to constitute the offense the purchase must be for the very purpose of bringing suit and no other. The intent to bring a suit must not be merely incidental and contingent, and it must be brought for the attorney's benefit. It does not apply * * * to the purchase of a demand with the intent of prosecuting it * * * in the courts of another state or to the purchase of a judgment for the purpose of collecting it by execution"—citing De Forest v. Andrews, 27 Misc. Rep. 145, 58 N. Y. Supp. 358; Moses v. McDivitt, 88 N. Y. 62; Wightman v. Catlin, 113 App. Div. 24, 98 N. Y. Supp. 1071; Creteau v. Foote Glass Co., 40 App. Div. 215, 57 N. Y. Supp.

1103; Tilden v. Aitkin, 37 App. Div. 28, 55 N. Y. Supp. 735; Van Dewater v. Gear, 21 App. Div. 201, 47 N. Y. Supp. 503; West v. Kurtz (N. Y. Com. Pl.) 3 N. Y. Supp. 14.

And in Oldmixon v. Severance, 119 App. Div. 821, 104 N. Y. Supp. 1042, it was held not error to refuse to submit the defense of champerty to the jury, where an attorney had no interest in the claim sued on, other than the legal title, taken for the purpose of bringing suit for the benefit of others. A discussion of the defense of champerty, as affected by the doctrine of comity between states, would add nothing to what has already been said, for the reason that the only question here involved is the correct interpretation of this particular statutory inhibition against the purchase of claims with intent to sue thereon.

I am of the opinion that the instruction of the trial court upon this statute, duly excepted to and assigned as error, was misleading and erroneous, in that it did not limit the application of the statute to the class of cases which it was intended to cover, under the interpretation given it in the New York cases; but, the separate defense of extrinsic fraud being sustained, the error was not prejudicial.

We all agree that the defense of extrinsic fraud is sustained by the evidence, and I therefore deem it unnecessary to consider further the defense of champerty. I concur specially, for the reason that I do not concur in the views of the majority on the question of champerty as applied to the facts in this case.

McCOY, J., concurs in the views of SMITH, P. J.